† COMMISSIONERS OF BUTLER CO. v. WELLIVER, CLERK.

FEES RECOVERABLE BY CLERK OF COURTS.

Except as specifically provided for by statute, the clerk of court is not entitled to receive any compensation from the county treasury for any services rendered for the benefit of the county or the public, however valuable and necessary such services may be, and although the law absolutely requires him to perform the same; if so required for the public, and no provision is made for its payment from the treasury, it must be regarded as gratuitous.

ERROR to the Court of Common Pleas of Butler county.

SMITH, J.

The question in this case is, whether under the law and the evidence as it is set out in the bill of exceptions, the court of common pleas erred in allowing to Mr. Welliver, the clerk of the court, to be paid to him from the county treasury, those items in his bill presented to the commissioners for service rendered by him at the May term of the court, 1890, and allowed him by the court, the correctness of which is disputed by the commissioners, or the payment for which they claim cannot properly be made from the treasury of the county.

Section 1260, Revised Statutes, is the general section regulating the fees which the clerk is authorized to charge in civil and criminal actions, and which may properly go into the cost bill in such cases; and also the fees which he may charge for certain other specified matters, not rendered in such actions. But such section does not contain any provision that in any event any of the fees so allowed are to be paid from the county treasury. But so far as regards the costs so authorized to be charged in criminal cases, section 1261 does specifically provide, that in cases wherein the state fails to convict the defendant, or in case of conviction fails, after diligent effort to collect the same, the amount thereof not exceeding $300.00, may be paid from the county treasury under the circumstances mentioned in the section. And the two succeeding sections, viz.: 1262 and 1263, point out the only other services for which the clerk is entitled to be paid from the treasury, so far as we have seen, except those performed under the provisions of section 5339 a—that is, for making up

†Cited in Clark v. Com'rs, 7 Circ. Dec., 427, which was affirmed by Supreme Court; opinion 58 O. S., 107.

a general index in those counties in which such general index has not before been made, in which case it is stipulated, that he shall receive therefor from the treasury the same fees as were then allowed for making indices for judgments. It may be also that there is provision for some payment under section 1264, hereinafter referred to. Except as in those sections specifically provided, we understand the law to be clear that the clerk is not entitled to receive any compensation from the county treasury, for any services rendered for the benefit of the county or the public, however valuable and necessary such services may be, and although the law absolutely requires him to perform the same. If so required for the public, and no provision is made for its payment from the treasury, it must be regarded as gratuitous. This is directly held in several decisions of the supreme court, notably in those in 25th Ohio St., 13, and 26th Ohio St., 46. The questions then for us to decide are, whether those charges of the clerk, allowed by the court of common pleas, and to which the county commissioners object, are by the statutes to which we have referred, or either of them, to be paid from the treasury. The first item disputed is number 9, which is a charge for filing 190 certificates of the qualifications of witnesses, sworn to testify before the grand jury.

Section 7199, Revised Statutes, provides, substantially, that before a witness shall be examined by the grand jury, he shall be sworn, and a certificate of that fact be presented to the foreman thereof, when he is admitted for examination. By the terms of section 1262, the clerk is to be allowed from the treasury for all services rendered to the grand jury, "the same fees as are allowed for similar services in a cause pending in court." For the swearing of witnesses to go before the grand jury, entering their allowance, and giving certificates of their qualification and issuing certificates for their fees, we think it clear that the clerk is entitled to pay from the county under this general provision, and this is not disputed; but the statute makes no provisions for the return of a certificate of qualification to the clerk and its filing by him. It is certainly a wholesome practice to do so, but it is in no sense a service rendered to the grand jury, and for this reason should be disallowed.

Number 11 is a charge for making entries of grand jury business on the journal, 3,200 words at eight cents per 100, It is conceded by the counsel for the commissioners, that the clerk has a valid claim for a part of this charge, viz.: for the entries as to the empaneling of the grand jury, the entry of the bills of indictment returned by it, and the discharge of the jury by the court. But these entries would not amount by actual count to more than —— words. The clerk, in his estimate, included the journal entries made when a recognizance had been received by him from examining magistrates, when parties had been held to appear before either the probate court or the court of common pleas. Sections 7155 and 7164 seem to point out what is to be done in such cases, and it does not appear that any such entry on the journal is necessary. But if it be necessary, the cost should be taxed in the case, and not to the county. This item should be reduced to the sum of ——.

The item number 14, of $17.28 for entering the attendance of thirty-one petit jurors for 432 days, and number 19, for certificates for their fees, are not payable by the county, and for the same reasons items numbers 16, 20, 21, 22, 24, 25, 31, 34, 62, 63, 69 and 70 will be disallowed.

We are of the opinion that item 26, for general index of 147 cases of judgments in common pleas, is payable from the treasury under the

provisions of section 1263, which allows the clerk for making up and compiling general indices, direct and reverse of all judgments, eight cents for each cause; that the law does not limit this payment to cases under section 5339, which provides for the making of such index where it had not before been done. And though the clerk does receive pay for this service also from litigants, it may well be that the legislature intended the county also to assist in keeping it up after it is once made up. It is not entirely clear that this is so, but we are disposed to so hold in this case. But we see no warrant for items 27, 28 and 29, as against the county.

The court of common pleas in this suit allowed the clerk $12.50— the one-half of the charge presented for preparing bar docket for the May term, 1890, which the court finds was not in fact made, and $15.00 for an index to the same (Nos. 66 and 67). Section 4957, Revised Statutes, requires the clerk to keep at least five books, viz: The appearance docket, the trial docket, and, by a recent amendment to that section, printed duplicates of the trial docket for the use of the court and the officers thereof, a journal, record and execution docket, with an index to the trial docket and to the printed duplicates of the trial docket. Section 5132 points out what the trial docket shall contain, and section 5136 requires a copy of this docket to be made for the use of the bar at each term, and this is still in force, and must be complied with, and without compensation therefor from the county unless the printed duplicates mentioned in section 4957 dispense with it, which we think is the case, and that there being no necessity for the bar docket where the printed duplicates are furnished, and there being no provision for the payment from the county for furnishing the bar docket, these items for making it and the index to it are not to be allowed.

Section 1264, Revised Statutes, requires the county commissioners to furnish the clerk three printed duplicates of the trial docket, if they are made, and the clerk is thereby authorized to procure them, and he is to be allowed therefor on his certificate. We think, under this provision, that if the clerk cause a copy of the trial docket to be made for the printer, the reasonable cost thereof should be allowed to him, and we cannot say from the evidence that the $15.00 charged and passed by the court, is too great. Item 72 will therefore be allowed.

Item 68 is a charge for making two lists, under the provisions of section 7189, for grand jury purposes, of the cases in which persons have been recognized to appear before the court. Under the terms of section 1262, we think the clerk is entitled to charge the county for this service at the regular rate per 100 words, and for the certificate thereto. The charge made for this for May term, 1890, and allowed by the court, is probably altogether too great, but the number of words therein nowhere appears, even approximately, and on the evidence in the bill of exceptions .we are unable to say certainly that the allowance is not proper.

From the foregoing it can readily be ascertained what, in our judgment, the amount to be allowed to the clerk is. It is not a pleasant thing to disallow claims of an officer of the court for services actually rendered by him, many of which are necessary and valuable, and for some of which he can receive no compensation from any other source. But, with an understanding of the law that they cannot be paid from the county treasury unless such payment is explicitly provided for, our duty is plain, and must be performed.

*Morey, Andrews & Morey*, for Plaintiff.